IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,670-01






EX PARTE MICHAEL GRINELL FRANKLIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-04-5721A IN THE 286TH DISTRICT COURT


FROM HOCKLEY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to 40 years' imprisonment. 

 Applicant alleges that trial counsel knew that he wanted to appeal as counsel informed the
trial judge of this fact in open court, but nevertheless failed to perfect the appeal by filing the
required notice of appeal. Further, trial counsel failed to file a motion to withdraw and was therefore
Applicant's attorney of record during the time period when the notice of appeal was supposed to be
filed. He alleges that appellate counsel was not appointed until after the applicable deadline to file
a notice of appeal had passed. Applicant alleges that trial counsel's deficient performance resulted
in an unlawful deprivation of his right to appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide trial counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel in that it shall order counsel to file an affidavit
addressing: (1) whether counsel believes Applicant wanted to appeal and, if so, the basis for that
belief; (2) whether counsel filed a notice of appeal and, if so, the date he filed a notice of appeal; 
and, (3) whether counsel filed a motion to withdraw and, if so, the date he filed such a motion. The
trial judge shall also supplement the habeas record with the following information: (1) whether
Applicant was represented by counsel during the time period he should have filed a notice of appeal
and, if so, who represented Applicant at that time; and, (2) whether the trial judge appointed
appellate counsel in this case and, if so, the date appellate counsel was appointed. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. Specifically,
the trial judge shall make findings of fact as to whether Applicant was represented by counsel during
the time period he should have filed a notice of appeal and, if so, who represented Applicant at that
time. The trial judge shall make findings of fact as to whether appellate counsel was appointed in
this case and, if so, when appellate counsel was appointed. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 19, 2008

Do not publish